# JAIME COLOM Y OLIVER

*v.*

# JOSÉ BATLLE ET AL.

---

San Juan, Law, No. 425.

Question of boundary. The preponderance of evidence being **in favor of** plaintiff, judgment will be so entered.

Opinion filed June 15, 1907.

Colom y Oliver v. Batlle.

*Francis H. Dexter, Esq.,* and *Felipe Cuchi, Esq.,* attorneys for plaintiff.

, ,*Henry F. Hord, Esq.,* attorney for defendants.

RODEY, Judge, delivered the following opinion:

This is a suit in ejectment for the possession of 337 cuerdas of land situated in the barrio of Mameyes Arriba, municipality of Utuado, in this island. By agreement of counsel it was tried before the court at the recent term without the intervention of a jury.

We have just heard the stenographer read all of his notes of the evidence, and have carefully examined the pleadings and the large number of exhibits, consisting of deeds, contracts, and maps, and have carefully read and considered the written arguments counsel have filed in the cause, and the cause is again refreshed to our recollection.

The parties own adjoining estates or farms at the place where the land in controversy is. Both of the farms some few years ago belonged to a single estate which is the common source of title of both the parties. The issue has narrowed itself down to one question of fact: That is, the proper position on the ground of a straight line, the calls for which are admitted to be the boundary. Its proper beginning on the west, at a ridge of rocks known as "El Seto," is not disputed; but the whole contention is whether its eastern end touches at what was formerly a "guayaba" tree on the side of a hill known as the "Cuchillo de Alvarez." This is plaintiff's claim, while defendants claim that its eastern terminus ends at a point some two or three "cordels" south of that "guayaba" tree at a "burro" tree stump on the same hillside. It seems that the sides of the disputed tri-

III. PORTO RICO—34.

Colom y Oliver v. Batlle.

angle of land thus formed are about a mile long, while its base on the hillside is but two or three "cordels" in length, the area thus inclosed being somewhere between 12 and 20 cuerdas of land. This land incloses a coffee patch that is really the cause of all the dispute. The plaintiff, Jaime Colom y Oliver, bought the tract described in the complaint, of 337 cuerdas, from Damian Monserrat seven or eight months ago, Monserrat having bought it on execution against the estate of Eusebio Perez, the common source of title aforesaid, some time before, and had the possession delivered to him by the court officers with this rock "El Seto" and the "guayaba" tree as northern boundary, with these defendants present at the time, although they claim they protested. This land, with said boundaries, Monserrat in turn caused to be delivered to plaintiff with the same boundaries, just as plaintiff is claiming here. The evidence shows that several other people bought pieces of land out of or adjoining this former larger estate, and every one of them bought north of this 337-acre tract and north of this line running from "El Seto" to the "guayaba" tree, or acknowledged that to be their boundary, and nearly all of them came here and testified to that fact.

There are many exhibits here of deeds for land along this division line, every one of them containing descriptions of land bounding with this 337-acre tract, and giving its northern line as running straight from "El Seto" to the "guayaba" tree. There is evidence that, after this plaintiff received the land, the defendants endeavored to establish on the ground a new line with this burro tree stump (tocón de burro), which the weight of the evidence shows never was heard of before, as the eastern terminus of the line from "El Seto," which would give the coffee patch to the defendants. The line thus located gives

these defendants a zigzig-shaped piece of property, with appending strings of land to the right and left, and out in front and around the land of their neighbors, which latter persons never knew defendants had any such string of land there at all, having always considered that their own lines abutted with plaintiff's land.. These handles and wedges make a configuration like an ancient key, or one of the congressional gerrymanders we so often see in the maps of such districts.

We saw and heard all the witnesses. We have examined the maps and deeds; in fact, defendants' exhibit O, which is an instrument executed by the common predecessor in interest of these parties as long ago as 1891, when consolidating all of his property for the benefit of his heirs, when mentioning this 337-acre tract in item 20 of the instrument, draws this same straight line as the northern boundary thereof from "El Seto" to the "guayaba" tree. There is abundant evidence tending to show that the defendant Mrs. Batlle, who is wife of the other defendant, José Batlle, and mother of the third defendant, Alicia Caballero, was in possession as manager of this 337-acre tract before it left her father's estate on the execution aforesaid, and then, when she got possession, or her daughter did, of the land on the other side of the line, she evidently endeavored to keep this coffee patch, from the proceeds of which she had been living, and moved the line of her own property south so as to include it. This is manifest to us from all the testimony; so much so that in fact it would be ridiculous to hold any other way. There is abundant positive evidence to sustain such a holding.

The amended answer of the defendants in the cause denies the citizenship of the defendant Alicia Caballero y Perez, and claims that she is a Porto Rican; but, as the plaintiff is a

Colom y Oliver v. Batlle.

subject of the King of Spain, that objection is unavailing to oust the jurisdiction. The answer further alleges that plaintiff is in possession of each and every cuerda of the 337 he claims, and that it is all south of the land claimed by the defendants. We find the fact to be otherwise to the extent herein indicated. The answer further denies that there is any conflict of boundary between the parties, but claims that plaintiff is seeking wrongfully to deprive defendant Alicia Caballero of a portion of her own land. We find this fact also against the allegation of the answer. The answer then raises the issue of the statute of limitations; first, as to possession for ten years; then for twenty years; and then for thirty years; and that, under §§ 1858 and 1860 of the Civil Code, plaintiff is barred. The evidence shows that defendants have been in possession of the piece of land in controversy only since 1902 or thereabout, and at first they were not in adverse possession to this plaintiff or his predecessors in interest, and the defendants have only in fact held adverse possession for a few months when they retook it after it was taken away from them by an order of court in the fall of 1906. We therefore find the fact against them as to all phases of the statute of limitations answered or pleaded. For these reasons we unhesitatingly find the fact and the law for plaintiff with costs, and a judgment to that effect will be entered for him, and it is so ordered.